UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Charles Chandler,                    :
                                     :
          Plaintiff,                 :
                                     :
          v.                         :      Case No. 1:11-cv-131-jgm
                                     :
Central Vermont Public               :
Service Corporation,                 :
Lawrence Reilly,                     :
Scott Adnams,                        :
James Volz, John Burke,              :
David Coen, Linley Sutherland,:
                                     :
          Defendants.                :

OPINION AND ORDER
(Docs. 2, 12, 16 and 17)

Plaintiff Charles Chandler, proceeding *pro se*, brings this
action claiming Defendants conspired to burn down his business
"thereby killing the Plaintiff and causing his business to close
permanently." (Doc. 1 at 4.) As a result of this alleged
scheme, Chandler claims he is no longer "safe or secure" in his
home or business. He also claims Defendants' conduct constituted
unlawful monopolistic practices. Id. at 5.

Pending before the Court are Defendants' motions to dismiss
for ineffective service of process. (Docs. 12, 16.) Also before
the Court is Chandler's motion to disqualify "Judge Murtha in the
above Docketed case," and motion for a default judgment as to all
Defendants. (Docs. 2, 17.) For the reasons set forth below,
Defendants' motions to dismiss are GRANTED, Chandler's motions to
disqualify and for default judgment are DENIED, and this case is
DISMISSED.

I.   Motion to Disqualify

The Court will first consider Chandler's motion to disqualify.  Chandler contends that "[t]here is a history here where preferential treatment is given to Attorneys in this Court by the Presiding Judge Murtha and where Pro Se litigants are discriminated against . . . ."  (Doc. 2 at 1.)  He claims his previous cases before the Court were "disregard[ed] . . . as frivolous no matter how serious the injuries," and the Court is motivated by its "unique relationship" with "the Defendants." Id.  For support, he cites the Court's rulings in those cases, including dismissals based upon judicial and prosecutorial immunity.  Id. at 3.  Chandler further states "[i]t is unclear at this point if Judge Murtha benefited [sic] financially from the above defendant's illegal acts," but claims the Court "did benefit in his career by protecting his friends/colleagues."  Id.

Title 28, Section 455(a) requires a judge to "recuse himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "The district judge has discretion in the first instance to determine whether to disqualify himself."  In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (citation omitted).  In making this determination, the judge must "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his expected adverse decisions."  Id.

2

The test focuses on "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." Id.

The scope of 28 U.S.C. § 455(a) "is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). Accordingly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994); see LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir. 2007). As a result, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

Chandler alleges the Court's prior rulings have been motivated by friendship, professional gain, and perhaps financial reward. His accusations of improper motives, however, are based entirely upon speculation. See United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992) ("Where a case . . . involves remote, contingent, indirect or speculative interests, disqualification is not required."); Lamborn v. Dittmer, 726 F. Supp. 510, 516 (S.D.N.Y. 1989) (holding that court need not

accept fact "mere conclusory speculation" that judge had "special relationship" with plaintiff's counsel).  Furthermore, as set forth above, the legal grounds for the Court's rulings are not a basis for recusal, and are instead reviewable on appeal.  United States v. Sykes, 2008 WL 3049975, at *3 (W.D.N.Y. July 31, 2008) (citing Liteky, 510 U.S. at 554).  The motion to disqualify (Doc. 2) is therefore DENIED.

## II.  Motion to Dismiss State Defendants

The first motion to dismiss is submitted on behalf of Defendants Scott Adnams, James Volz, John Burke, David Coen, Linley Sutherland and the State of Vermont (collectively "State Defendants").[1]  The motion argues the State Defendants were not properly served.  Specifically, the motion contends with respect to the individual State Defendants that "service was made upon unnamed officer managers, presumably at these defendants' places of business."  (Doc. 12 at 1.)  This contention is supported by the summonses returned to the Court, which indicate service upon an "office mgr." in each instance.  (Docs. 5-9.)  As to the State of Vermont, Defendants argue service has not been made upon the Office of the Attorney General, the authorized agent for service under 12 V.S.A. § 5601(c).

---

[1] The State of Vermont is not named as a Defendant in Chandler's Complaint.  Nonetheless, because the State has chosen to identify itself as a Defendant, the Court will consider its arguments for dismissal.

4

Under Rule 4(e) of the Federal Rules of Civil Procedure, service upon an individual must be made either in accordance with state law, or by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Under Vermont law, the requirements are nearly identical, adding only that service may be made by publication or "by leaving a copy of the summons and of the complaint at the defendant's dwelling house or usual place of abode" upon a showing that service cannot otherwise be made with due diligence and upon order of the court. Vt. R. Civ. P. 4(d)(1).

Chandler has not responded to the State Defendants' motion. Instead, he has moved for a default judgment, stating simply that "[t]he Defendants were served by summons on the date the Complaint was filed with this Court and as per Fed. R. Civ. P. Rule 4." (Doc. 17 at 1.)

The Court finds the State Defendants have not been properly served. Summonses and copies of the Complaint were left with an office manager rather than being personally served, delivered to Defendants' homes, or served in some other fashion that would comply with either state or federal law. Accordingly, the Court must consider whether dismissal of the case is appropriate.

5

Rule 4(m) provides that upon a showing of "good cause" for failure to effect proper service within 120 days after the Complaint is filed, a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Courts also "have discretion to grant extensions even in the absence of good cause." Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Such discretion should be exercised after a "weighing of overlapping equitable considerations." Id. at 197; see also Bender v. Gen. Servs. Admin., 539 F. Supp. 2d 702, 705 (S.D.N.Y. 2008). Additionally, Chandler's *pro se* status entitles him to a certain degree of leniency insofar as service of process is concerned, as courts generally favor resolution of such a case on its merits rather than on the basis of a procedural technicality. See Poulakis v. Amtrak, 139 F.R.D. 107, 109 (N.D. Ill. 1991).

Chandler has not made any attempt to show good cause. Accordingly, the Court is not required to provide additional time for service under Rule 4(m). In exercising its discretion as to whether to grant an extension of time, the Court notes it has notified Chandler in at least two previous cases of his obligations under Rule 4(m). See Chandler v. Branchaud, 2011 WL 4068004, at *5 (D. Vt. Sept. 13, 2011); Chandler v. Fontaine, 2008 WL 4642251, at *2 (D. Vt. Oct. 15, 2008). In this case, the Court has already allowed one extension of time to demonstrate service. (Doc. 3.) Furthermore, Chandler has been aware of the State Defendants' arguments with respect to service for several

6

months, and has not made any effort to cure the alleged deficiencies.

In light of this record, the Court finds the equities do not favor granting Chandler additional time in which to effect service of process. This case has been pending for nearly one year, Chandler is aware of his obligations, the Court and the parties have urged him to comply, and yet the State Defendants have not yet been served in accordance with the law. The motion to dismiss (Doc. 12) is therefore GRANTED.

Without proper service, the Court never acquired jurisdiction over the State Defendants. See, e.g., Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (citing Mississippi Publ'g Corp. v. Murphree, 326 U.S. 438, 444-45 (1946)) (court lacks jurisdiction until defendants properly served with summons and complaint). The claims against them are therefore DISMISSED without prejudice.

III. Motion to Dismiss CVPS and Lawrence Reilly

The remaining Defendants, Central Vermont Public Service Corporation ("CVPS") and Lawrence Reilly, have similarly moved to dismiss for insufficient service of process. For both CVPS and Defendant Reilly, the summonses returned to the Court indicate that papers were left with a receptionist or clerk manager named "Rick." (Docs. 10 and 11.)

CVPS conducted an internal investigation as to whom Chandler may have served, and has submitted affidavits for the Court's consideration. See LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999) (court may look at affidavits to determine jurisdiction); Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (in considering sufficiency of process, court may look beyond the pleadings). The affidavit of Senior Paralegal Melissa Stevens attests that there is no receptionist stationed at the CVPS office entrance. (Doc. 16-2 at 1.) Moreover, although there are three CVPS employees named Richard, they are not receptionists, were not served with papers, and are not authorized to accept service of process. (Docs. 16-3, 16-4 and 16-5.)

CVPS employee Amanda Beraldi has submitted an affidavit in which she states that on the afternoon of May 19, 2011, she heard "a loud banging on the door." She later saw documentation on the floor. (Doc. 16-6 at 2.) That documentation, which included the summons and Complaint in this case, was subsequently delivered to paralegal Stevens. (Doc. 16-2 at 2.)

Chandler has not countered these affidavits, which clearly indicate that Defendant Reilly was not personally served. As to CVPS, simply sliding documents under a door does not constitute service of a corporation. See Vt. R. Civ. P. 4(d)(7) (corporation must be served by delivering copy of summons and complaint to an officer, director, managing or general agent,

8

superintendent, or any other agent authorized by appointment or by law to receive service of process); Fed. R. Civ. P. 4(e)(B) (same). Chandler has not shown good cause for his failure to execute proper service, and for the reasons set forth above with respect the State Defendants, the Court again finds that the equities do not lie in Chandler's favor. The motion to dismiss Defendants CVPS and Reilly is GRANTED, and the claims against those Defendants are DISMISSED without prejudice.

IV. <u>Motion for Default Judgment</u>

Finally, the Court considers Chandler's motion for a default judgment. (Doc. 17.) The motion asserts that "[t]he Defendants have failed to respond to the complaint as required by rule." <u>Id.</u> at 1. Two paragraphs later, however, the motion references defendants' motions to dismiss, characterizing them as "false, misleading, and [m]oot." <u>Id.</u>

A defendant may assert its defenses to a complaint in a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The Rule 12 motion suspends the time for filing an answer. <u>See</u> Fed. R. Civ. P. 12(a)(4). Moreover, "a default judgment against an unserved defendant would be a nullity subject to vacatur under Federal Rule of Civil Procedure 60(b)." <u>First Tennessee Bank Nat'l Ass'n v. Thause</u>, 2011 WL 4543869, at *3 (E.D.N.Y. Sept. 28, 2011) (citing Wright, et al., *Fed Prac. & Proc. Civil 2d* § 2682); <u>see also</u> <u>Kearney v. New York State Legislature</u>, 103 F.R.D. 625, 628 (E.D.N.Y. 1984) (service

of process is jurisdictional, and invalid service of process renders default judgment void).  Because the Court has determined it has no personal jurisdiction over the Defendants absent proper service, it cannot grant a default judgment.  Chandler's motion for default judgment (Doc. 17) is therefore DENIED.

## Conclusion

For the reasons set forth above, Defendants' motions to dismiss (Docs. 12 and 16) are GRANTED, Chandler's motions to disqualify (Doc. 2) and for default judgment (Doc. 17) are DENIED, and this case is DISMISSED without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of March, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge